## UNITED STATES *v.* LOEB and others.

*(Circuit Court, S. D. New York.)*

**DISTILLER'S BOND—JUDGMENT ON.**

In an action on a distiller's bond, a verdict was rendered for the full amount of the bond, subject to the opinion of the court upon the question whether the sureties were entitled to a deduction from the verdict of the amount realized from the sale of the distiller's personal property. *Held,* on a motion for judgment on the verdict, that the judgment should be entered for the full amount of the bond, the sum realized from the personal property not being a legal off-set.

*Mr. Hill,* Asst. Dist. Atty., for the United States.

*Mr. Ellis,* for defendant Conklin.

COXE, D. J.   This is an action on a leaseholder's (distiller's) bond. On the trial a verdict was rendered for the full amount of the bond and interest, subject to opinion of the court. The plaintiff now moves for judgment on the verdict. The defendant Conklin, one of the sureties, insists that there should be deducted from the verdict the amount realized from the sale of the distiller's personal property, which was forfeited for various violations of the statute, and sold according to law. This position cannot be successfully maintained. It was the evident intention of congress that in cases of fraud, not only the personal property but the real estate should be forfeited. The bond in this case was given pursuant to section 3262 of the Revised Statutes, as a substitute for the real estate; the distiller holding simply a leasehold interest therein. The act provides, in substance, that if the distiller is not the owner of the fee, he must obtain the consent of the owner and incumbrancers to the effect "that in case of the forfeiture of the distillery premises, or of any part thereof, the title of the same shall vest in the United States." In lieu of this consent the distiller may give a bond—the bond in this case—conditioned "that in case the distillery, distilling apparatus, or any part thereof, shall by final judgment be forfeited for the violation of any of the provisions of law, the obligors shall pay *the amount stated in said bond.*"

In order to establish the liability of the obligors, proof is necessary that the distillery, distilling apparatus, or some part thereof, has, by final judgment, been forfeited. This proof was produced on the trial, Nothing further was required. The bond is not intended as security simply; it is enforced as a penalty—as a punishment for fraud.   *U. S.* v. *Distillery at Spring Valley,* 11 Blatchf. 255.   If the position of

defendant is a correct one, no action at all could be maintained if the sale of the personalty aggregated the penal sum of the bond. The obligors bound themselves to pay to the United States the sum of $16,000, in case the distillery, etc., described in the bond, should, by final judgment, be forfeited for the violation of law. The distillery was so forfeited, and the obligors are now called upon to make good their covenant. The law is undoubtedy harsh, but defendants entered into this obligation with full knowledge of its provisions, and have now no reason to complain.

The motion for judgment is granted.